981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynn Marshall MCCLOUD, Plaintiff-Appellant,
v.
Vincent SWEENEY, Defendant-Appellee.
 No. 92-15397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lynn Marshall McCloud, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendant in his 42 U.S.C. § 1983 civil rights action. He contends that he was denied his constitutional right of access to the courts because the Washoe County Detention Facility, where he was detained pending his criminal trial, did not have a law library. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 4
 Prison authorities may satisfy their constitutional obligation to provide a prisoner with access to the courts by supplying either a law library or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977); Gluth v. Kangas, 951 F.2d 1504, 1507-08 (9th Cir.1991), cert. denied, 481 U.S. 1069 (1987)); United States v. Robinson, 913 F.2d 712, 717 (9th Cir.1990) ("there is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and access to legal materials; the sixth amendment is satisfied by the offer of professional representation alone"), cert. denied, 111 S.Ct. 1006 (1991). In addition to the requirements of Bounds, the sixth amendment requires that a criminal defendant who exercises his right to represent himself be provided with access to legal materials. Taylor v. List, 880 F.2d 1040, 1047 (9th Cir.1989) (citing Faretta v. California, 422 U.S. 806, 834-36 (1975)).
 
 
 5
 McCloud contends that the lack of a law library at the Washoe County Detention Facility deprived him of his constitutional rights because his criminal defense attorney's frequent absences necessitated the filing of pro se pretrial motions, and because he was not represented in civil rights litigation before this court.
 
 
 6
 A transcript and other exhibits attached to the defendant's summary judgment motion showed that a deputy public defender represented McCloud in the criminal proceedings. An affidavit and a copy of a consent decree showed that Washoe County had contracted with Washoe Legal Services to provide legal assistance to indigent pretrial detainees in civil rights actions and other civil proceedings.
 
 
 7
 In response to the summary judgment motion, McCloud filed an affidavit stating that his criminal defense attorney had been absent during certain proceedings and that prison authorities had refused his requests for legal materials in connection with his civil rights appeal before this court.
 
 
 8
 The defendant's filings established that the Washoe County Detention Facility had met the requirements of Bounds by offering legal assistance to McCloud in both criminal and civil proceedings. See Bounds, 430 U.S. at 418; Gluth, 951 F.2d at 1507-08. Because McCloud was represented in the criminal proceedings, his statements regarding his public defender's shortcomings did not establish that the prison authorities' actions were constitutionally inadequate. Cf. Taylor, 880 F.2d at 1047. Moreover, although McCloud stated that Washoe Legal Services had refused to help him with the present action, he made no attempt to show that he had been refused legal assistance in connection with his earlier civil rights appeal. See Bounds, 430 U.S. at 418; Gluth, 951 F.2d at 1507-08. Accordingly, we affirm the district court's order granting summary judgment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3